103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mel M. MARIN, Petitioner-Appellant,
v.
Kathy CRAWFORD, Bankruptcy Court Clerk; the Honorable
Steven W. Rhodes, Bankruptcy Judge, Respondents-Appellees.
 No. 96-1068.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 1
 Before: KENNEDY and BATCHELDER, Circuit Judges; EDGAR, District Judge.*
 
 ORDER
 
 2
 Mel M. Marin, a Michigan resident proceeding pro se, appeals a district court's denial of his petition for a writ of mandamus under 28 U.S.C. § 1361. This case has been referred to a panel of the court purusant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his petition, Marin describes himself as a creditor in the bankruptcy action of Chapter 7 debtor Ares Industries. He claimed that he notified the clerk of the bankruptcy court of his interest in the case, and requested that the bankruptcy court take numerous actions to protect his claim. Specifically, Marin indicated that he was sick, and requested that the bankruptcy court stay the sale of the debtor's assets and all other actions involving the estate until Marin had recovered from illness, and could fully participate. He claimed that he is entitled to such a stay under the Solder's Relief Act. He also requested a waiver of filing fees, and a removal of the automatic stay as to Ares Industries, "by reason of their fraud," and alleged violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. He further claimed that he sent copies to the clerk of the bankruptcy court. He alleged that the bankruptcy court refused to stamp his documents, and failed to inform him of the outcome of court actions in February and March, 1995.
 
 
 4
 Marin sought a mandamus against the bankruptcy court, requiring it to stay all proceedings in the Ares Industries case, and vacate all prior orders and judgments. Additionally, he requested that mandamus issue against the clerk of the bankruptcy court, requiring the clerk to properly stamp and mail his pleadings. The district court denied the petition for mandamus in an order filed November 30, 1995. This timely appeal followed.
 
 
 5
 Upon review, we conclude that the district court properly denied Marin's petition for a writ of mandamus. Mandamus is a drastic remedy which will be invoked only in extraordinary situations where the petitioner has no other adequate means of relief and where he can show "a clear and indisputable" right to the relief sought. United States v. Ford (In re Ford), 987 F.2d 334, 341 (6th Cir.1992). In this case, Marin has not shown that there is no other adequate means of relief. Marin was advised by the bankruptcy court that in order to protect his claim and his interest in the bankruptcy case, he need only file a timely and proper proof of claim, which could be done by mail. Marin's motion to lift the stay was indeed filed and decided by the bankruptcy court, even though Marin had not paid the filing fee.
 
 
 6
 Moreover, Marin has failed to demonstrate a clear and indisputable right to the writ of mandamus against the bankruptcy court or clerk of the bankruptcy court. He alleged that the court violated the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.S. § 525. However, in this case, Marin did not seek the tolling of the statute of limitation. Rather, he desired a stay in a bankruptcy action, where he is one of over 140 unsecured creditors. Nothing in the Soldiers' and Sailors' Civil Relief Act requires that the bankruptcy court enter such a stay because of Marin's military service. Therefore, Marin failed to satisfy the second threshold requirement, because he was unable to demonstrate a "clear and indisputable right" to the issuance of the mandamus. Similarly, Marin failed to demonstrate a "clear and indisputable right" to relief from respondent Crawford.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation